**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWARD MICHAEL DASPIN,<br><br>             Plaintiff,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>             Defendant. | Civil Action No. 22-06520 (SDW)(CLW)<br><br>**OPINION**<br><br>February 15, 2023 |

**THIS MATTER** having come before this Court upon Plaintiff Edward Michael Daspin's ("Plaintiff") Complaint against the Securities and Exchange Commission ("SEC" or "Defendant"), (D.E. 1); and

**WHEREAS** the gravamen of Plaintiff's Complaint appears to concern to the timing of an investigation and "prosecution" purportedly being conducted by Defendant.  (D.E. 1-1 at 1.) Plaintiff apparently takes issue with the adjudication of an administrative matter that is not presently before this Court and presents issues of a largely indecipherable nature.  (*Id.*)  Plaintiff asserts, *inter alia*, that unknown persons labelled "the prosecution" allegedly "stole [his] $1 million litigation bond by omitting the material facts [sic] that none of the SEC's inhouse [sic] administrative law judges was [c]onstitutionally appointed under Article 2," "the prosecution defrauded Judge Bachmann . . . ," unspecified persons "presumed [he] was guilty," unnamed judges "aided and abetted their their [sic] theft of [his] million[-]dollar litigation fund, [sic] by concealing that concealing that [sic] all the inhouse [sic] judges were [c]onstitutional violators."

(*Id.*)    Plaintiff requests that this Court order the SEC to turn over contact information for SEC employees and former employees; order the SEC to pay him $5,500,000.00 in compensation for his "work product," and order the SEC to settle or adjudicate a pending matter before November 21, 2022.  (*Id.* at 1–16.); and

WHEREAS a *pro se* litigant's submission to a court, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'"  *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

WHEREAS Plaintiff fails to set forth any legitimate basis for this Court's jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and no basis is readily discernable; and

WHEREAS Plaintiff further gives a lengthy history pertaining to his employment and fraud allegations not before this Court, but the explanation does not contain coherent facts, the Complaint is not undergirded by any cognizable legal basis or bases, and the overriding purpose of the Complaint is largely indecipherable.  (*See* D.E. 1-1 at 1–16.)  Consequently, even if jurisdiction were established, the facts alleged in Plaintiff's Complaint are insufficient to support a claim entitling Plaintiff to relief.  *See* FED. R. CIV. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive dismissal, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); therefore

Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** due to its failure to establish jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and, further, its failure to present a cognizable claim pursuant to FED. R. CIV. P. 8(a)(2).  Plaintiff shall have thirty (30) days to file an amended Complaint.  Failure to timely file an amended Complaint may result in the dismissal of this matter with prejudice.  An appropriate order follows.

___/s/ Susan D. Wigenton___
**United States District Judge**

Orig:  Clerk
cc:     Cathy L. Waldor, U.S.M.J.
        Parties